MAX D. RATNER, Appellee, *vs.* THE CHICAGO CITY RAIL-
WAY COMPANY, Appellant.

*Opinion filed February 20, 1908—Rehearing denied April 8, 1908.*

1. PLEADING—*when original and amended counts state the same
cause of action.* An amended count charging that the defendant
street railway company so carelessly "conducted and managed" its
car as to cause a collision does not state a different cause of action
than that stated in the original declaration, which charged that the
defendant so carelessly "propelled" its car that a collision occurred.

2. INSTRUCTIONS—*instruction must limit recovery to negligence
charged in the declaration.* An instruction in a personal injury
case is erroneous which fails to limit the plaintiff's right of recov-
ery to injuries sustained by the negligence of the defendant charged
in the declaration, and if the instruction, in effect, directs a verdict
the omission is not cured by other instructions.

3. SAME—*when instruction as to duty of carrier is misleading.*
An instruction stating that "the law requires that common car-
riers of passengers exercise extraordinary care in carrying their
passengers" is misleading in not containing the proper qualifica-
tions respecting the mode of conveyance adopted and the practical
operation of the road, and the error in giving it is not cured by
the fact that such elements are embodied in other instructions.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. M. KAVANAGH, Judge,
presiding.

This is an appeal from the Appellate Court affirming
the judgment of the superior court entered June 2, 1906,
against appellant, in favor of appellee, for $1000.

The action was begun September 9, 1904, against ap-
pellant and the Atlas Brewing Company to recover damages
for personal injuries alleged to have been received May 15,
1903, while appellee was a passenger on a car of appellant
on South Halsted street, in Chicago. At the intersection
of Thirtieth street the car, running north, struck a teaming
truck of the Atlas Brewing Company which was crossing
the car track. The first declaration was filed October 28,

1904, and alleged negligence on the part of both motorman and truck driver. This was demurred to, and on March 6, 1906, appellee confessed the demurrer and filed instanter an amended declaration of one count. To this declaration each defendant filed a plea of general issue and also a plea of the Statute of Limitations, alleging that the supposed cause of action did not accrue within two years of the filing of the amended declaration. Plaintiff filed a replication, contending that the amended declaration set up the same cause of action as the original declaration. After appellee had introduced his evidence counsel for both defendants moved to strike the replication as to the Statute of Limitations from the files, and also for a peremptory instruction taking the case from the jury. The motion as to striking the replication from the files was denied, and the motion to take the case from the jury was denied as to appellant but allowed as to the Atlas Brewing Company. The jury returned a verdict of $1500 against appellant. After *remittitur* of $500 had been entered by appellee, motions for new trial and in arrest of judgment were overruled and judgment entered.

WILLIAM J. HYNES, and C. LEROY BROWN, for appellant.

ADOLPH D. WEINER, (ZACH HOFHEIMER, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant contends that the Statute of Limitations is a bar to this action, and that different causes of action are set up in the amended and original declarations. With this we cannot agree. It is true, the original declaration was very inartificially drawn. It charged that appellant so carelessly "propelled" its car that a collision occurred, while the amended declaration stated that the appellant so carelessly "conducted and managed" its car as to cause a collision.

The original declaration was the statement of a good cause of action in a defective manner, while the amended declaration did not state a new or different cause of action but was simply a re-statement of the original cause of action in a proper manner. *Deering* v. *Barzak*, 227 Ill. 71; *North Chicago Street Railroad Co.* v. *Aufmann*, 221 id. 614.

The accident took place shortly before eight o'clock in the morning. Appellee entered the car at Forty-seventh and Halsted streets and took a position on the front platform, beside the motorman. Thirtieth street enters Halsted street from the east but does not extend farther west. The south-east corner of these two streets was built up to the building line. The roadway of Thirtieth street was thirty-six feet from curb to curb. It was twenty-five or twenty-six feet from the west side of the building on the south-east corner to the east rail of the east track in Halsted street. The car in question was a large double-truck car, from forty-five to forty-seven feet long. On Thirty-first street, the next south of Thirtieth street, runs a cross-town street railway line, and the car in question stopped on each side of that street. The evidence does not agree as to how far south of the line of Thirtieth street the car was when the two-horse brewery truck wagon, weighing 3700 pounds, loaded with twenty-one full and three empty beer barrels, drove upon the track ahead of the car, from the east. Some of the witnesses located the line of its travel as about the center of Thirtieth street, while others said north of the center, and still others placed it south. At the time the motorman first attempted to come to a stop the car had attained the usual speed after running about a block. There is evidence on the part of appellee, although not in entire harmony, tending to show that the horses and truck wagon could be first seen from the car when it was about seventy-five feet north of Thirty-first street. The block was about five hundred feet long. The evidence on the part of appellant tends to show that the wagon, going at a trotting speed, entered Halsted street

from Thirtieth when the car was but a very short distance south. Appellee and one witness claimed that the motorman was looking east at the time the horses appeared. This claim is controverted. The motorman's death, prior to the trial, barred that source of information. The testimony tends to show that he rang the bell and attempted to stop the car by means of the brake and sand. The horses had entirely crossed the north-bound track when the car struck the front end of the wagon. The evidence is not in entire harmony as to how far the car moved the wagon before stopping,—some claiming that it had not moved it at all, others placing it at quite a distance, and others testifying that it moved it three or four feet. The glass was broken in the front end of the car and the controller knocked out. One of the beer barrels was thrown from the wagon onto the front platform of the car. Appellee testified that he was thrown back into the center of the car and to the floor, breaking two of his ribs. There is testimony by several witnesses that contradicts his testimony in this regard. The evidence is also in sharp conflict as to the nature and extent of appellee's injuries. It was not error for the court to refuse to take the case from the jury, but the evidence was of such character as to require accurate instructions concerning the law.

Appellant complains of the first instruction given for appellee. It was as follows:

"If you shall believe, from all the evidence in this case, that on the 15th day of May, 1903, the plaintiff became a passenger upon a car of the defendant, the Chicago City Railway Company; that the plaintiff was in the exercise of ordinary care and caution for his own safety; that a collision occurred between said car and a wagon on the track of the defendant; that the plaintiff was injured by such collision, and that the defendant, the Chicago City Railway Company, could have avoided such collision by the exercise of the highest degree of care consistent with the practical

operation of the road, then you should find the defendant, the Chicago City Railway Company, guilty."

It is urged that this instruction is erroneous because it does not limit the negligence of the defendant to that charged in the declaration. Without question the instruction tells the jury that the appellant company would be held liable if it was guilty of negligence under the circumstances in the instruction, whether it was charged in the declaration or not. It is elementary that recovery can only be had on the negligence charged in the declaration. (*Crane Co.* v. *Hogan,* 228 Ill. 338.) In *Chicago, Burlington and Quincy Railroad Co.* v. *Levy,* 160 Ill. 385, it was held that an instruction, in an action for personal injuries, allowing recovery if the defendant "was guilty of negligence contributing to the injury" was erroneous, as failing to confine the recovery to the particular negligence alleged in the declaration. In *Camp Point Manf. Co.* v. *Ballou,* 71 Ill. 417, in an action for an injury sustained by reason of certain named defective machinery, it was held that the right of recovery must be confined to accidents occurring from the defects specified in the declaration, and that it was error to instruct the jury that the plaintiff was entitled to recover for those arising from any defect in the machinery. In *Chicago and Alton Railroad Co.* v. *Rayburn,* 153 Ill. 290, this court held that an instruction was erroneous which permitted a verdict upon negligence not charged in the declaration.

Appellee, however, contends that the error of this instruction, if any, was cured by the series of instructions given for appellant, which most fully covered the question. This same argument was made in the *Levy* and *Ballou cases, supra,* and in both those cases it was held that the other instructions given for the defendant restricted the recovery to the cause of action alleged in the declaration and did not cure the error. This instruction substantially directed a verdict. While it is not required that one instruction should state all the law, and instructions may supplement each

other, yet when an instruction directs a verdict it should state all the essential facts and conditions. (*Pardridge* v. *Cutler,* 168 Ill. 504; *Illinois Central Railroad Co.* v. *Smith,* 208 id. 608; *Illinois Iron and Metal Co.* v. *Weber,* 196 id. 526.) The giving of this instruction was error.

It is further urged that the giving of the second instruction for appellee was erroneous. It reads:

"The law requires that common carriers of passengers should exercise extraordinary care in carrying their passengers."

It is admitted that this instruction is not in accord with the rulings of this court, (*Tri-City Railway Co.* v. *Gould,* 217 Ill. 317; *North Chicago Street Railroad Co.* v. *Polkey,* 203 id. 225;) but it is insisted that the jury could not have been misled, as the other instructions given for appellant fully covered the same question with the proper limitations, namely, that the appellant company was bound to do all that human care, vigilance and foresight could reasonably do, consistent with the mode of conveyance and the practical operation of its road, in the exercise of its business as a carrier. Even though instructions may supplement each other and it is always necessary to consider them as a series, yet each one must state the law correctly as far as it goes, and all should be in harmony, so that the jury may not be misled. (*Illinois Iron and Metal Co.* v. *Weber, supra.*) This second instruction for appellee was the only one given by the court that stated, without any qualifications, the degree of care necessary on the part of appellant. The jury might have been led to believe that there was no difference in the statement of law on this question between the other instructions given for the appellant and this instruction, and that therefore the qualifications given in the other instructions amounted to nothing. This instruction states correctly the law as far as it goes but does not state the entire law. We think it was reversible error to give this instruction without the qualifications above stated.

It is further contended that counsel made improper remarks which may have influenced the jury. The remarks complained of were improper and should have been omitted. The court promptly stopped counsel when its attention was called thereto. It is not necessary, however, in view of our holdings on the other points, to decide whether or not they amount to reversible error.

For the errors in giving the instructions in question the judgments of the Appellate Court and the superior court are reversed and the cause remanded to the superior court.

*Reversed and remanded.*