(No. 13845.—Reversed and remanded.)
LOUIS HERRING, Defendant in Error, *vs.* THE CHICAGO AND
ALTON RAILROAD COMPANY, Plaintiff in Error.

*Opinion filed October 22, 1921.*

1. NEGLIGENCE—*Appellate Court's finding on the facts is con-clusive—instructions.* While a finding by the Appellate Court as to the preponderance of the evidence is conclusive upon the Supreme Court, yet the jury must be accurately instructed, and where the evidence is conflicting an error in giving a bad instruction may be ground for reversal though the law is correctly stated in others.

2. SAME—*an instruction directing verdict should limit recovery to negligence charged.* An instruction in a personal injury case which directs a verdict for the plaintiff should not authorize a re-covery for negligence generally, but only for that charged in the declaration.

FARMER, J., dissenting .

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the City Court of Alton; the Hon. L. D. YAGER, Judge, presiding.

C. E. POPE, (SILAS H. STRAWN, of counsel,) for plain-tiff in error.

JOHN J. BRENHOLT, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Louis Herring, defendant in error, filed his declaration in the city court of Alton to recover damages for injuries sustained in a collision between an automobile in which he was a passenger and a passenger train of plaintiff in error. The declaration consisted of three counts, the first count alleging negligence, generally, in the operation of the train; the second count charging negligence in operating the train at a rate of speed of thirty miles an hour, in violation of an ordinance of the city of Alton; and the third count charging

operation of the train at a high and dangerous rate of speed, a failure to give any warning, and, specifically, a failure to ring the bell continuously while operating the train within the city, as required by an ordinance of the city of Alton. A plea of general issue was filed to this declaration. There was a verdict in favor of defendant in error, assessing his damages at $2250. The judgment entered on this verdict was affirmed by the Appellate Court for the Fourth District. The cause is brought here by writ of *certiorari.*

The collision occurred at the point where Illinois avenue crosses the right of way of plaintiff in error in the city of Alton. Illinois avenue is a north and south street and intersects the tracks of plaintiff in error at approximately right angles. The accident occurred something over a mile east of the depot. About 300 feet west of Illinois avenue, and on the right of way of plaintiff in error, is the plant of the Illinois Glass Company. Between this plant and Illinois avenue are three dwelling houses and a two-story frame building used as a clubroom or coffee-house. This two-story frame building fronts on Illinois avenue and extends back parallel with the right of way for 62½ feet. These buildings obstruct to a certain extent the view of a train approaching from the west. About seven o'clock P. M., Carl Herring was driving his automobile north on Illinois avenue. Defendant in error rode in the front seat with him. The driver's wife and two sisters occupied the back seat. The passenger train of plaintiff in error had just left its Alton depot and was approaching Illinois avenue from the west. From this point the evidence is sharply conflicting. The occupants of the automobile testify that they approached the railroad crossing driving about five miles an hour; that they looked east and west and listened to ascertain if any train was approaching; that they heard no signals and saw no train and continued across the tracks; that a passenger train traveling twenty-five or thirty miles an hour came upon them without warning and struck the automobile a

little back of center and threw it a distance of 39 feet, turning it upside down. Three witnesses in the vicinity corroborated their statement that the train was traveling twenty-five or thirty miles an hour and that no warning was given. On the other hand, eighteen witnesses, including the employees of plaintiff in error operating the train, an express messenger, a railway mail clerk and several passengers riding on the train, and persons standing in the street and in their yards near the crossing, testify that the train approached the crossing going very slowly; that repair work was being done on the tracks at this point and that trains were moving under slow orders; that the whistle was sounded for the crossing at the whistle post near the Illinois Glass Company's plant; that two sharp blasts of the whistle were blown immediately before the collision, and that the bell on the engine was automatically ringing as the train approached the crossing and continued to ring after the train stopped; that a crossing signal bell controlled by a track circuit had been ringing for some time before the train reached the crossing and was ringing after the train stopped; that the train came to a full stop within 125 feet after the collision, and that the baggage car, which was the car immediately behind the engine, stopped over the crossing.

The Appellate Court has determined that the evidence preponderates in favor of defendant in error, and whatever view of it we may entertain, the finding of the Appellate Court on the facts is conclusive and is binding upon us. (*McFarlane* v. *Chicago City Railway Co.* 288 Ill. 476.) The conclusion we have reached will require a re-trial of this cause, and hence we should not give an opinion on the weight of the evidence. It is manifest, however, from what we have stated, that the evidence was conflicting and that it was particularly important that the instructions should be accurate.

The court at the instance of defendant in error gave to the jury this instruction:

"The court instructs the jury that the law is, that the negligence of the driver of the automobile cannot be imputed to the plaintiff, and if the jury believe from the preponderance of the evidence that the plaintiff was injured while in the exercise of due care and caution for his own safety at and prior to the time of the accident, as alleged in the declaration, or some count thereof, through the negligence of the defendant, then the jury will find the defendant guilty."

This instruction directs a verdict and authorizes a recovery for negligence generally, without limiting the negligence to that charged in the declaration. It is elementary that recovery can only be had on the negligence charged in the declaration. (*Ratner* v. *Chicago City Railway Co.* 233 Ill. 169; *Hackett* v. *Chicago City Railway Co.* 235 id. 116; *Lyons* v. *Ryerson & Son,* 242 id. 409; *Grifenhan* v. *Chicago Railways Co. post,* p. 590.) An instruction of this character permits the jury to wander afield and return a verdict against a defendant for what they might fancy to be an act of negligence though the act so considered by them to be negligent was one which the law would not recognize as actionable. In a case where the evidence is as conflicting as it is in this case, the fact that the law may be correctly stated in other instructions will not obviate the error committed in giving a bad instruction. In view of the record in this case we must hold that the giving of this instruction was reversible error.

The judgments of the Appellate Court and the city court are reversed and the cause is remanded to the city court of Alton for a new trial. *Reversed and remanded.*

Mr. JUSTICE FARMER, dissenting.