(No. 18121.—

Anna M. Molloy, Admx., Defendant in Error, *vs*. The Chicago Rapid Transit Company, Plaintiff in Error.

*Opinion filed April 20, 1929—Rehearing denied June 7, 1929.*

GARDNER, FOOTE, BURNS & MORROW, (WILLIAM A. MORROW, and WALTER M. FOWLER, of counsel,) for plaintiff in error.

JAMES C. McSHANE, for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Defendant in error, Anna M. Molloy, as administratrix of the estate of Loretta Molloy, deceased, obtained a judgment for $5500 in the superior court of Cook county against plaintiff in error, the Chicago Rapid Transit Company, as damages for the death of her intestate. The judgment was affirmed by the Appellate Court, and the record is before this court on a writ of *certiorari*.

The deceased, a girl eight years old, was killed about five o'clock P. M., December 21, 1923, at the elevated station of plaintiff in error at Lawrence avenue, in Chicago, by being struck by a car and falling through the open space between the car and the platform to the track below. She lived with her parents about a mile north of Lawrence avenue, which is an east and west street. Since September, 1922, once a week from four to five o'clock P. M., she had attended a dancing academy on the south side of Lawrence avenue, east of the elevated railroad. She generally went from her home to the academy with her sister Jane, ten years old, who attended a music school at Lawrence avenue and Sheridan road from 4:00 to 4:30 o'clock P. M. On the day in question Jane went shopping and the deceased went alone to her dancing school. When the lesson was over, about five o'clock, she went to the elevated station, and it is admitted by plaintiff in error that she was a

passenger at the time she was killed. The elevated platform is on the west side of the track. It is about 355 feet long, 12 feet wide, and extends north and south. There are two stairways to the platform on the south side of Lawrence avenue. In the middle of the platform is a windbreak 32½ feet long, extending north and south, and there is a space six feet wide between the windbreak and the east edge of the platform. The platform is 3½ feet above the rails of the track, and the floor of the car was 4½ inches higher than the top of the platform. There was a handhold two feet seven inches long on the side of the car, extending up and down. It was made of steel, five-eighths of an inch in diameter, and all of its fasteners and contours were rounded. It was one foot ten and one-half inches from the top of the platform to the bottom of the handhold, which extended out from the side of the car two and one-half inches. There was a space eight or ten inches wide between the side of the car and the east edge of the platform. The train consisted of six cars and came from the south, going north. As it came into the station the deceased walked to the middle of the platform. After the first car had passed she started to run along with the train, evidently intending to enter between the first and second cars. The handhold on the north end of the second car was attached to the body of the car just south of the door. There were two women standing between the windbreak and the train. The deceased passed between the women and the train and was struck or caught by the front end of the second car. The train ran 20 or 25 feet after she was struck, her body dropped down between the car and the platform, her head remained above the platform until the opening between the second and third cars was reached, when she dropped onto the track, and she was under the front truck of the third car when the train stopped. The car which caused the injury had a sliding door, which was closed at the time of the accident.

The declaration .consisted of two counts. The negligence charged in the first count was that plaintiff in error wrongfully and negligently caused and permitted the east edge of its platform to be and remain an unnecessary, unusual and dangerous distance from the track, whereby persons who were on the platform in or about boarding or alighting from the cars were exposed to great, unusual and unnecessary danger of slipping, stepping or falling between the east edge of the platform and the side of a car while the car was being operated on the track past the platform. At the close of the evidence the court directed a verdict in favor of plaintiff in error under the first count, and cross-error has been assigned by defendant in error upon this ruling.

The negligence charged in the second count was, that plaintiff in error wrongfully and negligently operated a certain car in the train with a perpendicular handhold at or near one end of the car, extending out beyond the side of the car such an unnecessary, unusual and dangerous distance that it was liable and likely to strike or catch the clothing of persons while on the platform close to the side of the car, and as a direct result and in consequence of the handhold extending out beyond the side of the car the deceased was then and there struck and her clothing was caught by the handhold and she was then and there thrown between the edge of the platform and the side of the car and fell through the space to and upon the tracks and sustained injury from which she died.

It is insisted by plaintiff in error that the court at the close of all of the evidence should have directed a verdict in its favor upon the second count; that the evidence was not sufficient to justify the court in submitting to the jury the question of the alleged negligence of plaintiff in error and the question as to the proximate cause of the injury, and there was no evidence tending to show that the deceased and her mother were in the exercise of due care.

Where there is evidence in the record fairly tending
to support the allegations of the declaration the case should
be submitted to the jury. (*Devine* v. *Delano,* 272 Ill. 166;
*Shannon* v. *Nightingale,* 321 id. 168.) All that the evi-
dence tends to prove and all just inferences to be drawn
from it in defendant in error's favor must be conceded to
her. Under the rule the evidence most favorable to defend-
ant in error must be taken as true. The credibility of the
witnesses, the weight of the testimony and the inferences
to be drawn from facts proved are all questions for the
jury to pass upon and not for the court to decide. (*Libby,
McNeill & Libby* v. *Cook,* 222 Ill. 206; *McGregor* v. *Reid,
Murdock & Co.* 178 id. 464.) What is the proximate cause
of an injury is ordinarily a question of fact for the jury.
(*Phillabaum* v. *Lake Erie and Western Railroad Co.* 315
Ill. 131.) The question of the negligence of the deceased
is also a question of fact to be determined from the age
of the deceased, her capacity, intelligence and experience.
(*Deming* v. *City of Chicago,* 321 Ill. 341.) The question
of the error in judgment of the mother in permitting the
deceased to go to the station alone, if there was such an
error of judgment, was not one of negligence as a matter
of law. *Wagner* v. *Chicago and Alton Railroad Co.* 265
Ill. 245.

The negligence charged was that the handhold extended
out beyond the side of the car an unreasonable, unneces-
sary and dangerous distance and that the clothing of the
deceased was caught thereon, and as a result thereof she
was killed. There was evidence showing that the handhold
projected two and one-half inches at right angles from the
car. It was twenty-two and one-half inches from the top
of the platform to the bottom of the handhold. One wit-
ness testified that when he came onto the platform he saw
the deceased standing at the top of the north stairway; that
he next saw her running north on the platform, about op-
posite the front entrance of the second car; that she passed

between two women and the side of the train, and at that instant she was struck by the front end of the second car and thrown backward, so that her back went flat against the side of the car, and she disappeared, with the exception of her head. Another witness testified that he was at the extreme north end of the platform when the train came in, and he noticed that the deceased was hooked onto one of the coaches. At first glance it appeared as if she were running, but, in fact, she was being dragged. She endeavored to keep her feet as far as she could and then she fell through the opening between the cars and platform. There was other evidence tending to prove the allegations of the second count. This evidence fairly tended to prove the negligence charged. It was the duty of the court to submit the case to the jury, and no error was committed in the refusal of the court to direct a verdict.

While there was sufficient evidence to justify the court in refusing to direct a verdict, the evidence was of such a character that it was of the utmost importance that the record be substantially free from error. (*Chicago and Eastern Illinois Railroad Co.* v. *Donworth,* 203 Ill. 192.) The court admitted lengthy conversations between the deceased and her mother in which they discussed the question of the mother permitting the deceased to go alone to her dancing school. The deceased pleaded with the mother to let her go, the mother expressed her reluctance and fear, but the deceased finally persuaded her mother to let her go alone. The mother was permitted to testify to the instructions which she gave to the deceased as to how she was to take the train and what the deceased said in reply. The admission of these conversations is assigned as error.

In Greenleaf on Evidence, section 108, it is said: "Declarations, to become a part of the *res gestæ*, must have been made at the time of the act done which they are supposed to characterize and have been well calculated to unfold the nature and quality of the facts which they were intended to

explain, and so to harmonize with them as obviously to constitute one transaction." In *Chicago and Eastern Illinois Railroad Co.* v. *Chancellor,* 165 Ill. 438, on page 443, the rule is stated as follows: "For such declarations to be admissible in evidence as part of the *res gestæ* they must be made in connection with the act proven, as in the cases above cited. The rule is, that the *res gestæ* generally remains with the *locus in quo,* and it does not follow the parties after the principal act is completed. * * * The rule is, in determining whether or not declarations made before or after the principal act are to be considered as part of the *res gestæ* lapse of time is taken into consideration, and such declarations made after the principal act will not be considered as part of the *res gestæ* if there is any change from the place of occurrence of the principal act or in the condition of the parties. * * * Whether or not such act or declarations will be so considered must depend upon the circumstances of each case. The real test is whether the principal act and the declarations sought to be considered as part of the *res gestæ* are separated from each other by such a lapse of time as to render it probable that the parties are speaking from designing purposes rather than instinctive impulse. It can be stated as the general rule that anything said or done before the principal act occurred or was within the contemplation of the parties cannot be regarded as part of the *res gestæ,* although only separated by the least possible span of time, unless it tends to explain and unfold the principal act by the undesigned act or declaration of the party, for the reason that such declaration or act could not be said to throw any light upon the motives of the parties." In *Foster* v. *Shepherd,* 258 Ill. 164, it was held that in order to be considered as a part of the *res gestæ* the statement made must be immediately connected with the act of departure.

The first of the conversations contained no instructions to the deceased, but it was simply a discussion between the

mother and the deceased with reference to the advisability of permitting the deceased to go alone to her dancing school. As to this part of the conversations there was no showing as to when it took place or how long it was before her departure. The foundation was not properly laid for the admission of this part of the evidence, plaintiff in error objected to its admission, the objection was overruled, a motion was made to exclude it, and this motion should have been sustained. No objection was made to the admission of the remainder of the conversations and no motion was made to exclude them, therefore no error can be based on their admission.

The second instruction on behalf of defendant in error was as follows:

"The court instructs the jury that while as a matter of law the burden of proof is upon the plaintiff and it is for her to prove her case by a preponderance of the evidence, still, if the jury find that the evidence bearing upon the plaintiff's case preponderates in her favor, although but slightly, it would be sufficient for the jury to find the issues in her favor."

Instructions similar to this one have been criticised by this court in many cases. The instruction first states that it is for the plaintiff to prove her case by the preponderance of the evidence, and refers to the evidence bearing on plaintiff's case without any statement as to what the case is or what it is necessary for her to prove, but it refers the whole case to the jury without any limitations. It opened the door for the jury to take any view of plaintiff's case which they saw fit to take and to arrive at a verdict for any reason which might seem to them to be sufficient, without any rule to guide them. An instruction must limit the right of recovery to the negligence charged in the declaration. (*Herring* v. *Chicago and Alton Railroad Co.* 299 Ill. 214; *Hackett* v. *Chicago City Railway Co.* 235 id. 116; *Ratner* v. *Chicago City Railway Co.* 233 id. 169.) This

part of the instruction was erroneous. The instruction also erroneously told the jury that if they found that the evidence bearing upon plaintiff's case preponderated in her favor, although but slightly, it would be sufficient to find the issues in plaintiff's favor. This part of the instruction has also been criticised on many occasions. It indicated that the preponderance of the evidence was a small matter, and sought to minimize, and thus reduce to the lowest limit, the requirement of a preponderance of the evidence. A late expression of this court on this subject is *Teter* v. *Spooner,* 305 Ill. 198. On page 211 it was said: "The use of the adjectives 'slight' and 'clear' with reference to the preponderance of the evidence required to sustain an issue is only confusing to the jury. They ought not to be used in instructions in any case. Nobody knows what is a slight preponderance or what is a clear preponderance of the evidence, although everyone knows what is meant by a preponderance of the evidence. A preponderance of the evidence is necessarily clear even though it is slight. If there is a perceptible preponderance of the evidence it is sufficient, but it would not be proper for the court to give an instruction to the jury that a perceptible preponderance of the evidence was sufficient, any more than that a clear preponderance of the evidence was required. The effect of the adjectives is merely to confuse the jury and invite them to minimize or maximize the weight of the evidence on one side or the other. Such instructions ought not to be given." The court was in error in giving the second instruction.

Complaint is made of the fourth instruction on behalf of defendant in error. This instruction is quite lengthy and consists of two paragraphs. The first paragraph tells the jury when a person becomes a passenger on a railroad train. There was no error in this part of the instruction, and it is admitted by plaintiff in error in its brief that the deceased was a passenger at the time of the accident. The second paragraph correctly defines the duty of a common

carrier to a passenger. In *Sinopoli* v. *Chicago Railways Co.* 316 Ill. 609, it was held that an instruction stating the carrier's duty when the right of recovery is limited by other instructions to the negligence charged, is proper. The second paragraph is a substantial copy of instructions approved in *Chicago City Railway Co.* v. *Shreve*, 226 Ill. 530, and *Chicago and Alton Railroad Co.* v. *Byrum*, 153 id. 131. Plaintiff in error cites *Davis* v. *South Side Elevated Railroad Co.* 292 Ill. 378, as a contrary authority. The facts in that case are quite different from the facts in this case and that case is not an authority under the facts here presented. There was no error in giving this instruction.

Plaintiff in error called the witness Burnham, who testified that the handhold on the car in question was the latest and most approved type and was in accordance with the best engineering practice and skill, and that all of the cars having sliding automatic doors had handles the same as this car. On cross-examination he was asked if a person went to an elevated platform whether he would not see most of the trains equipped with handholds on the corner post, and the witness stated that this was not true. Counsel for defendant in error then said, "I will ask counsel and the court that this jury be permitted to stand on any elevated station—" Objection to this statement was made and sustained and the statement was stricken. Thereupon counsel said, "There is nothing improper about it." Objection was made to this statement. Plaintiff in error, out of the presence of the jury, on account of these remarks moved to withdraw a juror and continue the case, which motion was denied, and this ruling is assigned as error. The remarks were not proper. If the case were not close upon the facts these remarks alone would not constitute reversible error but they justify mention as the case will have to be re-tried.

Cross-errors have been assigned on the ruling of the court in directing a verdict under the first count of the dec-

laration. That count charged that the east edge of the plat-form was an unreasonable and dangerous distance from the track and exposed persons to the danger of falling between the east edge of the platform and the side of the car. The evidence above stated fairly tended to support this charge of the declaration, and the court was in error in directing a verdict under such count.

The judgment will be reversed and the cause remanded.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded.*