**Ida Garnhart, Administratrix of the Estate of William F. Garnhart, Deceased, Appellee, v. H. T. Reeves, Appellant.**

**Gen. No. 9,151.**

Opinion filed January 18, 1937.

C. H. Linscott, of Rockford, for appellant.

J. E. GOEMBEL and B. J. KNIGHT, both of Rockford, for appellee; PERLEY T. LUPTON, of Decatur, of counsel.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

This was an action instituted by appellee as administratrix of the estate of her deceased husband, for his alleged wrongful death. Appellee was riding with her husband in an automobile, traveling west upon a public highway which intersects with Kishwaukee Street Road, at a place commonly known as Camp Grant bridge road intersection. Appellant was traveling north upon Kishwaukee street, toward the point of intersection of the two roads. The accident occurred October 10, 1935, at about 3:30 o'clock in the afternoon. The jury returned a verdict in favor of appellee for the sum of $10,000. Appellant prosecutes this appeal from the judgment entered thereon.

Appellant urges two grounds for reversal, namely, that the evidence shows both the appellee and her husband were guilty of contributory negligence; and that the instructions given on behalf of appellee were erroneous.

Three instructions were given on behalf of appellee. An instruction, in this class of cases, which directs a verdict, must limit the jury to the negligence or to the wrongful conduct charged against the defendant, in the complaint. *O'Day v. Crabb,* 269 Ill. 123, 133; *Illinois Iron & Metal Co. v. Weber,* 196 Ill. 526, 531; *Molloy v. Chicago Rapid Transit Co.,* 335 Ill. 164, 171; *Herring v. Chicago & Alton R. Co.,* 299 Ill. 214; *Ratner v. Chicago City Ry. Co.,* 233 Ill. 169. Instructions 1 and 2 were of the above character, and defective in the above respect. They directed a verdict and authorized a recovery for negligence generally, without limiting the same to that charged in the complaint. An instruc-

tion of this character permits a jury to go outside proper limits. Appellee urges that instructions 1 and 2 are proper, under the rule as announced in *Mt. Olive & Staunton Coal Co. v. Rademacher,* 190 Ill. 538, 542. That case recognizes the rule as above set out, and therefore does not support appellee's contention.

The third instruction is the only one which made any reference to due care. In this respect the due care was limited to plaintiff's intestate and in no way applied to appellee administratrix, who was riding with her husband in the car at the time of the accident. Actions such as this, brought under the Injuries Act, for wrongful death, are statutory and being a single cause of action, there is no separation of the damages to be assessed by the jury. Verdict and judgment in such actions are for a single gross amount, irrespective of the number of the next of kin. It has been held that the "contributory negligence of one beneficiary who may be entitled to share in the amount recovered is a defense to the action." *Hazel v. Hoopeston-Danville Bus Co.,* 310 Ill. 38, 49. Under the above authority, instruction No. 3 being the only one dealing with the question of due care, should have been made to include appellee administratrix. (*Dee v. City of Peru,* 343 Ill. 36, 42.)

For the foregoing reasons the judgment herein is reversed and the cause remanded.

*Reversed and remanded.*