Soren P. Rasmussen and Robert Rasmussen, Minor, by Soren P. Rasmussen, His Next Friend, Appellees, v. Noah Wiley, Appellant.

Gen. No. 9,290.

Heard in this court at the April term, 1941. Opinion filed November 3, 1941. Rehearing denied February 3, 1942.

CHARLES F. SHORT, JR., of Bloomington, and CARL E. ROBINSON and ROBERT C. GASEN, both of Jacksonville, for appellant; CHARLES F. SHORT, JR., of Bloomington, of counsel.

BELLATTI, ARNOLD & BELLATTI, of Jacksonville, for appellees.

Mr. Justice Riess delivered the opinion of the court.

Judgments in the respective sums of $1,000 and $200 were entered in the circuit court of Morgan county in favor of plaintiff appellees Soren P. Rasmussen and Robert Rasmussen, his minor son, upon jury verdicts against defendant appellant Noah Wiley for damages resulting from personal injuries sustained in an automobile collision between cars of the respective parties due to defendant's alleged negligence, from which the defendant has appealed. A verdict and judgment was also entered against the defendant on his counterclaim, from which no appeal was taken.

On July 15, 1939, at about 11 p. m., plaintiff, accompanied by his minor son, was driving his car in an easterly direction along U. S. Route No. 36, a two-lane paved highway, 18 feet in width, at a point east of Jacksonville, Illinois. Plaintiff testified in substance that he was driving 55 miles per hour and met the defendant at a point on said highway known as Ritter's Lane, where the defendant, coming in the opposite direction, negligently made a left turn across the highway directly in front of plaintiff's automobile and lane of traffic, resulting in the collision and alleged injuries while plaintiffs were in the exercise of due care for their own safety. Defendant testified that he was going east and not west and was in his own lane of traffic at the time of 'the collision, which he said occurred while he was making a right turn off of the highway in the exercise of due care and that the collision was caused by plaintiff's negligence. Other witnesses testified, and the case was one wherein the evidence was in sharp conflict, and the weight and credibility of the testimony of the various witnesses was a question of fact submitted to the jury upon issues joined under complaint and counterclaim and answers thereto.

Defendant strongly contends that the giving of several instructions at the instance of the plaintiff, in view of the sharply conflicting nature of the testimony,

was erroneous and prejudicial. Fifteen instructions were given in behalf of plaintiff, several being repeated by inserting the name of respective plaintiffs in each instruction. Where the evidence is in sharp conflict, the applicable principles of law should be correctly stated in the instructions without undue or unnecessary repetition and should be confined to the pleadings and issues joined.

One instruction given for the plaintiffs, which has been criticized by the courts of review of this State a number of times, especially where the evidence is in sharp conflict, minimizing the importance of the rule requiring plaintiffs to prove their case by a preponderance of the evidence, read as follows: ''The Court instructs the jury that while as a matter of law the burden of proof is upon the plaintiffs and it is for them to prove their case by a preponderance of the evidence, still, if the jury find that the evidence bearing upon the plaintiffs' case preponderates in their favor, although but slightly, it would be sufficient for the jury to find the issues in their favor.''

This instruction refers to the evidence bearing on plaintiffs' case without any statement of what the case is or what is necessary to be proved, but refers it to the jury without further limitation or direction. It has been justly condemned as leaving the matter of plaintiff's case to be arrived at by the jury without any rule to guide them. It does not limit the right of recovery to negligence charged in the complaint and minimizes the importance of the rule requiring plaintiffs to prove their cause of action by a preponderance of the evidence, by use of the qualifying phrase ''although but slightly.'' This instruction should not have been given, and when considered with other instructions in this case, in view of the sharp conflict on the facts to which the rule was to be applied, we cannot say that defendant was not prejudiced thereby, although courts of review will not set aside verdicts

and judgments where the jury is on the whole fairly instructed and it does not appear that the erroneous instructions may have resulted in prejudice to the defendant. *Molloy v. Chicago Rapid Transit Co.*, 335 Ill. 164, 166 N. E. 530; *Teter v. Spooner*, 305 Ill. 198, 137 N. E. 129.

Two instructions identical in language but alternately containing the names of respective plaintiffs directed verdicts in favor of the plaintiff after undertaking to set up the necessary elements of proof entitling the plaintiff to recover. In these instructions, no reference whatever is made to the complaint or to negligence therein charged, each concluding that if the jury believed "from a preponderance of the evidence that the defendant negligently, carelessly and improperly drove his automobile so that it came into collision with the automobile in which the plaintiff (naming him in each instruction) was riding, and that as a direct and proximate result of such negligent conduct on the part of the defendant, if any, the said plaintiff was damaged in person, then you should find the issues for said plaintiff." It is a well-established rule that an instruction which directs a verdict and authorizes recovery generally, without limiting the negligence to that charged in the complaint or reference thereto, is reversible error. *Garnhart v. Reeves*, 288 Ill. App. 159, 5 N. E. (2d) 855; *Herring v. Chicago & Alton R. Co.*, 299 Ill. 214, 132 N. E. 792; *Molloy v. Chicago Rapid Transit Co., supra.*

By given instructions Nos. 5 and 11, a verdict was directed for the plaintiffs if the jury found that the defendant had violated certain provisions of the Motor Vehicle Act. The instructions are objectionable, in that they ignore the rule, supported by the weight of authority in Illinois, that the violation of an ordinance or statute by acts, either of commission or omission, is only prima facie evidence of negligence. *Miller v. Burch*, 254 Ill. App. 387; *Tuttle v. Checker Taxi Co.*,

274 Ill. App. 525; *Burke v. Zwick,* 299 Ill. App. 558, 20 N. E. (2d) 912. Plaintiff was not entitled to the giving of these instructions, and they did not correctly state the law.

Without further discussion of the instructions, we deem the same to have been prejudicial and to constitute reversible error under the facts and circumstances of this particular case.

Plaintiff contends that no verdict other than the one rendered could reasonably have been returned by the jury and permitted to stand by the court, and therefore the judgments should be affirmed. The jury was presented with two diametrically opposite versions of the manner in which the collision occurred, and the defendant in view of this conflict and the necessity for the jury to pass upon the weight and credibility of the conflicting evidence, was entitled to have the applicable principles of law correctly stated in the instructions. This was not done, and we therefore reluctantly reverse and remand the above cause for retrial, free of the prejudicial errors which we have indicated herein.

It is not urged in the errors assigned that the amount of the judgments were excessive, and we are therefore not commenting upon the alleged errors in the instructions as to measure of damages.

Finding reversible error in the record, the judgment of the circuit court of Morgan county is reversed and remanded with directions to proceed in accordance with the rulings herein.

*Judgment reversed and cause remanded.*