James A. Brussel, a Minor, by Howard L. Brussel, his Father and Next Friend, Plaintiff-Appellee, v. Delbert Lilly, Defendant-Appellant.
Howard L. Brussel, Plaintiff-Appellee, v. Delbert Lilly, Defendant-Appellant.

Gen. No. 10,600.

Opinion filed July 3, 1952. Released for publication July 28, 1952.

WELSH & WELSH, of Rockford, and CLAUSEN, HIRSH & MILLER, of Chicago, for appellant.

MILLER, THOMAS, HICKEY & COLLINS, of Rockford, for appellees; WILLIAM E. COLLINS, of Rockford, of counsel.

MR. JUSTICE ANDERSON delivered the opinion of the court.

James A. Brussel, a minor, by Howard L. Brussel, his father and next friend, and Howard L. Brussel, individually, plaintiffs and appellees, obtained judgments on verdicts of a jury for the sums of $5,000 and $2,500, respectively, in the circuit court of Winnebago county, Illinois, and against the defendant, Delbert Lilly, appellant, in their action to recover for personal injuries, for property damage, and for other damages sustained by the plaintiffs, arising out of an automobile collision. The defendant Delbert Lilly has appealed. The appeals are separate, but by stipulation of counsel they are to be considered as a single appeal.

The amended complaint consists of two counts. The acts of negligence charged in both counts of the complaint are identical. They charge in substance: that on the night of May 27, 1951, the plaintiff, James A. Brussel, a minor about sixteen years old, was driving the automobile of his father, Howard L. Brussel, also a plaintiff herein, in a westerly direction on State Highway 173 in Winnebago county, Illinois, and was exercising proper care and caution for his own safety. At the same time and place the defendant, Delbert Lilly, was also driving his automobile westerly. The complaint further charges that the defendant negligently and unlawfully parked his automobile on the paved portion of the highway, and also parked his automobile without lights and negligently failed to signal or warn other vehicles approaching from the

rear of the presence of his automobile. The complaint further alleged that due to the negligence of the defendant, the automobile driven by James Brussel and approaching defendant's automobile from the rear came into contact with that automobile.

The first count asked for damages for personal injury to James A. Brussel; the second count asked for damages for property damage caused by the destruction of the automobile belonging to Howard L. Brussel and for other damages sustained by him.

The defendant filed an answer to this complaint denying all liability.

At the close of all the evidence the court denied the defendant's motion to direct a verdict and subsequently denied a motion for judgment notwithstanding the verdict. The defendant assigns this as error.

From the testimony it is undisputed that the highway in question was about eighteen or twenty feet wide, constructed of concrete with the usual divided traffic lanes; that the highway was straight and level for at least half a mile both ways from the place of the collision; that it was raining slightly and both parties were using their windshield wipers; that after contact with the Lilly car, James Brussel lost control of his car and it went into the other lane of traffic where it came into contact with the car of Donald Larsen, bounced off his car while in the same lane of traffic and ran into the car of Donald Clark, and then proceeded some distance down the highway. The Larsen and Clark cars were both approaching the Brussel car from the west and were in their proper driving lane.

Delbert Lilly, the defendant, testified that while he was driving his automobile on the highway in question accompanied by his wife and two children, he heard a pop in his motor, and suddenly all the lights went out and his motor stopped; that he touched the brakes gently, and his wife opened the right-hand front door

of the car to see the location of the ditch; that he had some visibility from the lights of approaching cars; that when his automobile came to rest it was half on the highway and half off on the shoulder which was muddy. He further testified that not over five or six seconds from the time when his motor and lights failed, the defendant's car struck him from behind; that the first time he saw the defendant's car was after stopping when he looked in his rear vision mirror. At this time he did not get out of his car, but reached for a flashlight in a compartment in the rear of his car; he intended to flag down the Brussel car with the flashlight. He and his wife both testified that he did not get out of his car until after the impact. He stated that the Brussel car struck him within three seconds after he first saw its lights; that the force of the impact threw defendant's wife and infant daughter onto the shoulder of the road, and then he got out of the car to see how his family were and to assist them.

James A. Brussel testified that he was driving his father's car with his girl friend, Shirley Smith, on the night in question; that he had been traveling about fifty miles an hour at the time he saw the Lilly car; that he was driving with his headlights dim, that his visibility as to unlighted objects on the highway was about one hundred feet ahead; that when he saw the Lilly car he applied his brakes and at the time of the impact was traveling fifteen or twenty miles an hour; that the front right side of his car struck the back left portion of the defendant's car; that the defendant's car was only slightly damaged; and after striking the defendant's car, Brussel lost control of his car and it went over into the other lane of traffic, colliding with two cars approaching from the opposite way. The Larsen car which he struck in the other lane of traffic was wholly demolished, and the Brussel car traveled about two hundred feet before it came to rest after

striking the two cars, and ended up in a ditch to the south of the highway. James Brussel further testified that he was thoroughly familiar with the highway.

Perry Bennett, a deputy sheriff, testified that he arrived at the scene of the accident shortly after it happened; that he had a conversation with the defendant; that the defendant said he got out of his car after the lights and motor failed and walked around it to see what the trouble was, and that it was then that he first saw the lights of the approaching Brussel car, which lights were "right on top of him," and that he then attempted to reach his flashlight to flag down the Brussel car. Bennett further testified that adjacent to the Lilly car there was a flat, ten-foot shoulder partially sodded and solid enough for a car to drive over without sinking on the night in question, but that when he arrived all four wheels of the Lilly car were on the pavement.

Donald Larsen testified that when he, approaching from the opposite direction, first saw the defendant's car, it was two or three car-lengths away; that he saw the Brussel car strike the Lilly car and then it "bounced off of him and hit me"; that after the impact the Lilly car was "just about the same as it was . . . but it was still entirely on the highway." He said that the Brussel car as an estimate was going "50 or 60 anyway."

Donald Clark whose car was also involved in the collisions testified that he was following the Larsen car, saw the Brussel car collide with the Larsen car, and later the Brussel car collided with his car; that after his car was hit he saw the defendant's car on the highway down the road, all four wheels on the concrete and facing in a westerly direction; that he did not see the lights of the defendant's car go out.

This in substance is the testimony of the witnesses with reference to the accident in question.

537

■ After reviewing the testimony, we believe the trial court was correct in denying the motions for directed verdicts and for judgment notwithstanding the verdicts. The question here is not whether the verdicts are against the manifest weight of the evidence but whether there was any evidence, considered in its light most favorable to the plaintiffs and all inferences and deductions that may be legitimately drawn therefrom, that would establish the plaintiffs' case. (*Hunt v. Vermilion Co. Child. Home*, 381 Ill. 29; *Moran v. Gatz*, 390 Ill. 478; *Ritter v. Nieman*, 329 Ill. App. 163.)

■ It cannot be said as a matter of law that what the defendant did with reference to taking his automobile off the highway cannot be negligence. The fact of whether or not it was off the highway or partially off the highway at the time of the collision are questions of fact on which negligence might be predicated and under the law, if the acts could be negligence as determined from all the testimony, then the motions must be denied. This rule is likewise true as to the alleged contributory negligence of the plaintiff. We are not stating here whether or not the verdicts are manifestly against the weight of the evidence, but we find that on the entire record under the above rules of law the acts of the defendant could constitute negligence and the acts of the plaintiff do not constitute contributory negligence.

■ Defendant strenuously urges that the giving of plaintiffs' instruction 16 constituted reversible error. This instruction given by the court is as follows:

"The Court instructs the jury that if you believe from the evidence that at and immediately prior to the collision of the automobiles driven by the plaintiff and defendant, that the plaintiff was in the exercise of reasonable care and caution for his own safety, and that the collision was proximately caused by careless and negligent acts of the defendant, if any, then it would be your duty to find the defendant guilty."

The attack on this instruction is that it does not limit recovery on his acts of negligence charged in the complaint or describe the acts of negligence on which recovery is based as stated in the complaint.

The case of *Herring v. Chicago & A. R. Co.,* 299 Ill. 214, involved a personal injury suit against the railroad for injuries sustained in a collision of an automobile and a passenger train. The trial court, at the request of the plaintiff, gave to the jury the following instruction:

"The court instructs the jury that the law is, that the negligence of the driver of the automobile cannot be imputed to the plaintiff, and if the jury believe from the preponderance of the evidence that the plaintiff was injured while in the exercise of due care and caution for his own safety at and prior to the time of the accident, as alleged in the declaration, or some count thereof, through the negligence of the defendant, then the jury will find the defendant guilty."

The Supreme Court says on page 217 of the opinion:

"This instruction directs a verdict and authorizes a recovery for negligence generally, without limiting the negligence to that charged in the declaration. It is elementary that recovery can only be had on the negligence charged in the declaration. (Ratner vs. Chicago City Railway Co. 233 Ill. 169; Hackett vs. Chicago City Railway Co. 235 id. 116; Lyons vs. Ryerson & Son, 242 id. 409; Grifenhan vs. Chicago Railways Co. post, p. 590.) An instruction of this character permits the jury to wander afield and return a verdict against a defendant for what they might fancy to be an act of negligence though the act so considered by them to be negligent was one which the law would not recognize as actionable. In a case where the evidence is as conflicting as it is in this case, the fact that the law may be correctly stated in other instructions will not obviate the error committed in giving a bad instruction. In

view of the record in this case we must hold that the giving of this instruction was reversible error.''

This court in *Sugru v. Highland Park Yellow Cab Co.*, 251 Ill. App. 99, held the giving of a similar instruction which told the jury that if the injuries complained of were caused by ''some negligence of the defendant shown by the evidence,'' and that the plaintiff was in the exercise of ordinary care for his own safety, the verdict of the jury must be for the plaintiff, this court there stating that the giving of this instruction was reversible error because it did not confine the right of recovery to the grounds averred in the declaration, but gave the jury the right to find the defendant guilty if they believed he was guilty of some negligence, although it was not so charged against him.

This court again in *Dees v. Moore,* 335 Ill. App. 318, had occasion to pass upon an error assigned upon giving of a quite similar instruction. This case was a personal injury and property damage lawsuit arising out of an automobile collision. The instruction given by the trial court in this case was as follows:

''The court gave to the jury the following instruction: 'The court instructs the jury that the negligence, if .any, of the driver of the automobile in which the plaintiff, Ethel Dees, was riding as a passenger cannot be imputed to the plaintiff, Ethel Dees, in this case, and if you believe that the plaintiff, Ethel Dees, at the time and place in question was in the exercise of reasonable care and caution for her own safety and that the defendant was negligent and that the negligence of defendant, if any, was the proximate cause of the injury, if any, to the plaintiff, Ethel Dees, then and in that event you should find the defendant guilty as to the plaintiff, Ethel Dees.' ''

This court then states the reasons why the giving of the instruction was reversible error, and says:

540

"(4) The objection to this instruction is that it is not limited to the negligence charged but permits the jury to wander afield and render a verdict against the defendant for any act which the jury might fancy to be an act of negligence. The complaint herein not only charged the defendant with general negligence but specifically it charged him with a failure to keep a proper lookout, with entering the intersection at an excessive speed and failed to yield the right of way to the plaintiffs. This instruction directs a verdict for the plaintiff, Ethel Dees. It does not confine the jury to the evidence or to the negligence charged."

In *Rasmussen v. Wiley,* 312 Ill. App. 404, the Third District Appellate Court held the giving of a similar instruction reversible error, stating on page 480 of the opinion: "It is a well established rule that an instruction which directs a verdict and authorizes recovery generally, without limiting the negligence to that charged in the complaint or reference thereto, is reversible error. Garnhart vs. Reeves, 288 Ill. App. 159, 299 Ill. 214, 132 N. E. 792; Molloy vs. Chicago Rapid 5 N. E. (2d) 855; Herring vs. Chicago & Alton R. Co., Transit Co., 335 Ill. 164, 166 N. E. 530."

The Appellate Court of the First District in *Both v. Collins,* 339 Ill. App. 437, held the giving of a similar instruction reversible error.

■ ■ Instruction 16 in the instant case is practically identical to the instructions held reversible error in the cases above reviewed. The instruction in the instant case was peremptory in form and directed a verdict. The giving of it under the well established rules of law is not cured by the giving of other instructions on the same subject. It must stand or fall upon its own language, and must correctly announce the rule of law stated therein. The jury may well have thought that any acts of negligence of the defendant, although not stated in the complaint, would permit a recovery.

The giving of this instruction, number 16, in itself constitutes reversible error. For this reason the judgments cannot be permitted to stand. The liability of the defendant being a close question as disclosed by the record, the jury must be accurately instructed as to the law. As the giving of this instruction constitutes reversible error, it becomes unnecessary to pass upon the other assignments of error urged by the appellant.

For the error in giving this instruction the judgments of the trial court are reversed, and the cause remanded.

*Reversed and remanded.*