Elsie Clements et al., Appellees, v. Western Fire
Insurance Company, Appellant.

Opinion filed
February 1, 1932.

FELSEN & KANE, GREENSFELDER & GRAND and GLEN
MOHLER, for appellant.

Louis Beasley and Edward C. Zulley, for appellees.

Mr. Presiding Justice Barry delivered the opinion of the court.

Appellees sued on a fire insurance policy to recover for the loss of a garage building. The policy required that proof of loss be furnished within 60 days after the fire and that the amount of the loss was not payable until 60 days after such proof was furnished. A special plea averred that proof of loss was not furnished within the time required. Appellees replied that such proof was furnished within the time. There was a verdict and judgment for $1,637.50.

Appellees are husband and wife, but the husband was not a witness. Mrs. Clements testified the garage was destroyed by fire on May 25, 1929; that a few days later a Mr. Humphreys gave her four sheets of paper containing an itemized statement of the loss; that two of the sheets were carbon copies of the other two; that about June 6, 1929, she and her husband gave the two original sheets and an affidavit to Mr. Suprunowski, who was in the office of Mr. Schiele, appellant's local agent at East St. Louis; that the affidavit was signed and sworn to before a notary but she could not recall the date thereof or the name of the notary; that they made but one affidavit and at no time had more than two itemized statements of the loss. She retained the carbon copies of the two original sheets and produced them at the trial. Mr. Humphreys denied that he gave either of appellees any sheets of paper. He was not in the employ of appellant. Mr. Suprunowski was not an agent of appellant but solicited insurance for Mr. Schiele on a commission basis. He denied that the sheets and affidavit were delivered to him. Mr. Schiele said that he never received them. Both Suprunowski and Schiele testified that Mrs. Clements told them she had employed Mr. Leman to adjust the loss. She de-

nied that she made the statement to Mr. Schiele but did not contradict Suprunowski.

Mrs. Clements testified that she did not know whether her husband had employed Mr. Leman to adjust the loss. When asked if she didn't deliver the two sheets and affidavit to Mr. Leman to be filed with appellant, she replied: "I don't remember." She was then asked: "You think you might have done that?" and she answered: "No, I don't." Mr. Leman is a public insurance adjuster and has an office in St. Louis, Missouri, and was not in the employ of appellant. Paul Bierman is appellant's adjuster and has an office in the same city.

Mr. Leman wrote Mr. Bierman on July 24, 1929, stating that he enclosed proof of loss under the policy sued on, but the letter was not placed in the mail until July 25, 1929, more than 60 days after the fire. The proof of loss contained therein consisted of the two original sheets of which the two retained by Mrs. Clements are carbons, and an affidavit signed and sworn to by appellees before Harry F. Motz, a notary public, on July 20, 1929. Mrs. Clements testified that the signatures to the affidavit were the genuine signatures of appellees; that she did not know the notary and did not remember that he had anything to do with the matter; that her husband was not in East St. Louis on July 20, 1929, that he is in the federal prison at Leavenworth for stealing interstate freight. It was stipulated that the husband was not incarcerated until October 26, 1929. Counsel for appellees say that the proof of loss that was sent by Mr. Leman to Mr. Bierman is the identical proof which Mrs. Clements claims she delivered to Suprunowski except that somebody changed the affidavit and attached one purporting to have been made before the notary, Motz. The affidavit shows no evidence of a change and Mrs. Clements testified that it bears the genuine signatures of appellees.

It is evident that there was no change in the affidavit and that no other affidavit was attached.

The law is so settled that the certificate of a notary public showing that a deed was executed and acknowledged cannot be impeached by the testimony of the grantor, alone. *Jaworski v. Sujewicz,* 334 Ill. 19. It seems to us that this rule would also apply to an affidavit. An affidavit in due form cannot be impeached on the sole testimony of the affiant. When Mr. Bierman received the proof of loss sent by Mr. Leman, he sent Mr. Clements and Mr. Leman notices through the mail to the effect that the proof was not satisfactory because it had not been furnished within 60 days after the fire. The notice to Mr. Clements was returned unopened, but the one to Mr. Leman never came back. The only reasonable conclusion to be drawn from the evidence is that one or both of appellees employed Mr. Leman to adjust the loss and to furnish appellant with proof of loss.

Under the evidence it is clear that proof of loss was not delivered to Suprunowski about June 6, 1929, or at any other time. The affidavit was not made until July 20, 1929, and there is no question but that the proof of loss which Mrs. Clements says she delivered to Suprunowski is the identical proof of loss which was sent to Bierman by Mr. Leman on July 25, 1929. The testimony of a witness may be so absurd as not to be relied upon even though it is uncontradicted. *Worcester Nat. Bank v. Cheeney,* 87 Ill. 602. The testimony of Mrs. Clements as to the alleged delivery of proof of loss by her, in view of the undisputed evidence, cannot be said to be evidence fairly tending to prove the issue. The court erred in refusing to direct a verdict for appellant.

In our view of the case it is unnecessary to consider the other questions urged by appellant. Appellees insist that the judgment should be affirmed for want of a proper abstract. The question as to whether

proof of loss was furnished within 60 days after the fire was properly preserved and shown in the abstract by the motions for a directed verdict, the court's rulings thereon and the exceptions thereto. *Yarber v. Chicago & Alton Ry. Co.*, 235 Ill. 589. It is unnecessary to determine whether the abstract would be sufficient to present any other question. The judgment is reversed with a finding of facts.

*Reversed with a finding of facts.*

The clerk will insert in the judgment the following: "The court finds that the policy required appellees to furnish proof of loss within 60 days after the fire and the loss was not payable until that was done; that proof of loss was not furnished within the time required."