Mary Mabel, Administratrix of the Estate of John Dooling, Deceased, Appellee, v. Cleveland, Cincinnati, Chicago and St. Louis Railroad Company, Appellant.

Opinion filed February 1, 1932.

POPE & DRIEMEYER, for appellant; SAMUEL W. BAXTER, of counsel.

D. H. MUDGE, for appellee.

MR. JUSTICE FULTON delivered the opinion of the court.

This is an appeal by appellant from a judgment against it for $3,000, entered upon the verdict of a

jury in an action by Mary Mabel, as administratrix of the estate of John Dooling, deceased, to recover damages for the death of the said John Dooling.

The declaration contained three counts, each charging the operation by appellant of its railroad extending through the Village of Madison and across Market street, and the death of John Dooling resulting from a collision between one of appellant's trains and an automobile in which he was riding.

The usual allegations of due care on the part of the decedent were contained in each count. The first count charged a violation of the statutory duty to blow a whistle or ring a bell. The second count charged general negligence in the operation of the train and the court properly directed a verdict as to the third count which charged violation of a speed ordinance of the Village of Madison.

The appellant seeks reversal on the grounds that the decedent was guilty of contributory negligence and that the verdict was manifestly against the weight of the evidence.

The accident happened to decedent while he was riding in an automobile being driven by one Rudy Gibson, at the Market street crossing in the Village of Madison. Appellant's trains are operated through the village on tracks running north and south and immediately west of, and parallel to State street. This street and appellant's tracks are crossed by Market street which runs east and west. The intersection of Market street and appellant's southbound train track is approximately 75 feet west of the west line of State street. State street is paved and is also designated as Route Four of the Illinois State Highway System.

Appellee's theory is that the car in which decedent was riding drove south on State street and turned west on Market street; that no signal was sounded by the train for the crossing, and that the crossing watchman

was standing at his shanty on the south side of the crossing and did not attempt to indicate that a train was approaching.

These facts are testified to by two witnesses, Walter Lintz and James Robertson. Lintz testified that as he drove south on State street he was racing appellant's train and that when he was about two or three hundred feet away he saw the flagman standing at the side of his shanty talking to another fellow, but did not see any disc or stop sign in his hands. He also testified that the whistle did not blow and the bell did not ring. Robertson testified he saw two men standing at the shanty conversing and did not see any crossing watchman in the street. He also testified that he did not hear any bell sounded or any whistle blown.

As opposed to this eight eyewitnesses testified positively that the watchman stood in the center of the crossing with his stop sign raised indicating that a train was about to pass. Five of these witnesses were entirely disinterested, and were in a better position to see what happened than were appellee's witnesses. Four or five of the witnesses testify that the bell was ringing and the whistle sounded.

All the witnesses agree that after the car in which decedent was riding turned off of State street and went west on Market street for 75 feet to the point of the accident, the occupants of the car had a clear view to the north, from which direction the train was approaching.

While a court of review is reluctant to set aside the verdict of a jury, yet, where after giving consideration to the variant stories of the witnesses, it is of the opinion that the verdict is clearly against the weight of the evidence, it is its duty to set it aside and reverse the judgment. "A performance of this duty is absolutely essential for the preservation of the rights of citizens and property owners." *Chicago & Erie R. Co. v. Meech*, 163 Ill. 305.

Many decisions might be cited in support of this well recognized doctrine. In view of the somewhat unsatisfactory testimony of appellee's witnesses and the very definite and positive statements of appellant's witnesses that the flagman was in the center of the crossing attempting to give the customary warning and that the bell was sounded and the whistle blown, coupled with the further fact that the occupants of the car in which decedent was riding had a clear and unobstructed view of the approaching train for a distance of at least 75 feet, we find that the testimony clearly established contributory negligence on the part of the decedent and that the verdict is manifestly against the weight of the evidence.

"One who has an unobstructed view of an approaching train is not justified in closing his eyes . . . in crossing a railroad track in reliance upon the assumption that a bell will be rung or a whistle sounded. No one can assume that there will not be a violation of the law or negligence of others and offer such assumption as an excuse for failure to exercise care." *Greenwald v. Baltimore & Ohio R. Co.,* 332 Ill. 627.

"It is the duty of a passenger in a vehicle, where he has an opportunity to learn of danger and to avoid it, to warn the driver of such vehicle of approaching danger, and he has no right, because someone else is driving, to omit reasonable and prudent efforts on his own part to avoid danger." *Dee v. City of Peru,* 343 Ill. 36.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*