Barbara Gail Carnahan, a Minor, by Thomas H. Carnahan, her Father and Next Friend, Appellee, v. Public Service Company of Northern Illinois, Appellant.

Gen. No. 8,795.

Opinion filed July 6, 1934.

GARDNER, FOOTE, MORROW & MERRICK, for appellant; WALTER M. FOWLER, of counsel.

A. V. SMITH and GEORGE W. FIELD, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellee instituted this suit by her father as next friend, against appellant, in the circuit court of Lake

county. Trial was had before a jury, which resulted in a verdict of $3,000 in favor of appellee. Judgment was entered thereon. Appellant prosecutes this appeal to reverse that judgment.

Appellant discontinued the electric service to the Carnahan residence on January 10, 1930, due to a delinquency in accounts for service rendered in the previous months of October, November, and December. The declaration consisted of one count in which it charged that appellant wilfully and wantonly cut off the service of electric light to the premises in which appellee then lived with her parents. The declaration charged that appellant was engaged in the electric light and power business and was furnishing same to the residence of the father of appellee; and that appellant wilfully and wantonly and without notice, discontinued and cut off the service of electric light to said premises; and that because of such wilful and wanton act of appellant, it then became necessary for the said father, Thomas H. Carnahan, and the members of his family, to light the premises with candles; and that while the said premises were being so lighted, that appellee, who was a child of three years of age, came in contact with one of said candles, and that her clothing thereby became ignited, and that she was severely burned on and about her person, as a result of the wilful and wanton conduct of appellant.

Appellant objects to the giving of appellee's instructions. Instruction number one was directed toward the amount of damages. Instruction number four had to do with the forms of verdict. Instructions number two, three and five had to do with the question of negligence on the part of appellant. Instruction number three is as follows: "The court instructs the jury that if you believe from a preponderance of the evidence, that the plaintiff has proved her case as charged herein, then you will find the defendant guilty." In-

struction number two used a similar expression, "if you find from the evidence that defendant was negligent, as charged." Instruction number five charged that if the jury believed from the preponderance of the evidence that the accident causing the injury to plaintiff was due to want of ordinary care by the defendant, they should then find a verdict for the plaintiff. There is no instruction offered or given by appellee which tells the jury what negligence or wrongful conduct the appellant is charged with in appellee's declaration, nor did appellee offer any instruction which in any way advised the jury that appellant was charged with wilful and wanton conduct. It is not to be presumed that the pleadings were taken by the jury when they retired to consider their verdict. *Bernier v. Illinois Cent. R. Co.*, 296 Ill. 464, 472; *Lerette v. Director General of Railroads*, 306 Ill. 348, 355. An instruction which directs a verdict must limit the jury to the negligence or to the wrongful conduct charged against the defendant in the declaration. *Herring v. Chicago & Alton R. Co.*, 299 Ill. 214; *Molloy v. Chicago Rapid Transit Co.*, 335 Ill. 164, 171; *Ratner v. Chicago City Ry. Co.*, 233 Ill. 169.

The declaration in this instance consisted of only one count as aforesaid, and it charged the defendant therein with wilful and wanton conduct, resulting in the injuries sued for. Where an action is based upon specific charges, the plaintiff has the burden of proving such charges as laid. *Welch v. New Harper Hotel Co.*, 196 Ill. App. 94; *Ebsery v. Chicago City Ry. Co.*, 164 Ill. 518.

There is a fundamental difference and distinction between negligence, and wilful and wanton conduct. *Nosko v. O'Donnell*, 260 Ill. App. 544. A cause of action based upon conduct which is wilful and wanton, differs fundamentally in its nature and legal consequences, from a cause of action based upon negligence.

The defenses to the two charges may not be the same. The damages are not governed by the same rule. Negligence does not change its character and become anything else than negligence. Negligence and wilful and wanton conduct are not the same things and are not governed by the same rules of law.

The instructions in this case, given by appellee, not only directed the jury to find the appellant guilty upon proof of plaintiff's case, without defining the wrongful conduct charged in the declaration; but they were based upon ordinary negligence, and did not fit the charge of wilful and wanton conduct as made by appellee against appellant, in her declaration. Appellee's instruction number five directed the jury that if they believed from a preponderance of the evidence, the accident causing the injury to plaintiff was due to want of ordinary care by defendant, they should then find a verdict for the plaintiff. This not only permitted but directed the jury to determine the defendant's liability upon the question of ordinary negligence. This was erroneous. The defendant's liability was not to be measured or tested by the rules governing ordinary negligence. The same rules of law not governing the two actions, the jury was therefore not properly instructed. The question of wilful and wanton conduct was not submitted to the jury by the instructions.

The judgment herein is reversed and the cause remanded.

*Reversed and remanded.*