138

Edward Seybold and Bernice Seybold, Appellees, v.
Peter Jacob Zimmerman, Appellant.

Opinion filed March 9, 1938.

P. J. KOLB, W. S. WILLHITE and WALTER F. KOLB, all of Mt. Carmel, for appellant.

J. A. LAMKIN, of Mt. Carmel, and THOS. H. CREIGHTON, for appellees.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This is an appeal from the judgment of the circuit court of Wabash county against the defendant, Peter Jacob Zimmerman, in favor of the plaintiff, Edward Seybold, in the amount of $5,000, and in favor of the plaintiff, Bernice Seybold, in the amount of $2,500.

The injuries to the plaintiffs resulted from a head-on collision between a truck driven by Edward Seybold and a truck driven by Peter Jacob Zimmerman. The collision occurred on a gravel road about 27 feet wide, the graveled portion being about 20 feet wide. There was a well-defined ditch made by the grader on the west side of the road. The embankment on the ditch varied from one to three feet in height. There was a 15 inch culvert across the road at a point 30 to 40 feet south of the point of collision. This culvert did not extend the width of the road but lacked a foot of reaching the west side of the road. There were no abutments on the culvert. Three hundred seventy-two feet north of the culvert a lane known as the Smith Lane enters the highway. Eleven hundred forty-eight feet south of the culvert the road connects with Fifth street in Mt. Carmel, Illinois. There was a two to three degree curve in the road beginning 272 feet north of the culvert curving to the west as one proceeded south on the road. At Fifth street the center of the road would be about 60 feet west of the center of the road at the beginning of the curve 1,400 feet south of the Fifth street intersection.

The plaintiff, Edward Seybold, was driving his truck south on the road and the defendant, Zimmerman, was driving north on the road. The plaintiff, Bernice Seybold, was riding with Edward Seybold. Edward Seybold testified that he was driving 35 miles an hour when he reached the Smith Lane and that from that point he saw the Zimmerman truck turn the corner on to the

road from Fifth street. He stated that Zimmerman was driving in the middle of the road and that as the Zimmerman truck approached, it did not turn to the right of the road. Edward Seybold drove his car to the right or west side of the road, drove slowly down the ditch and finally came to a stop. The Zimmerman truck kept coming and when it got near the Seybold truck it bounced or jumped to the left and struck the Seybold truck.

Zimmerman's version of the accident is that when he turned the corner of Fifth street he proceeded northerly on the right side of the road until he reached a point 125 to 500 feet from the Seybold truck; that he then saw one light which he took to be a lantern carried by someone or on a vehicle; that immediately upon realizing that it was a light on an automobile he turned to the right, set his brakes, and attempted to avoid the collision. He did not succeed in avoiding the collision. The Seybold truck "kissed off" to the west and Zimmerman's truck came to a standstill.

Zimmerman stated that Edward Seybold said Seybold's truck had only one light burning. Ben Guard and Cora Guard, his wife, testified that shortly after the accident, Edward Seybold stated: "Ben, I guess it is really my fault, because I had one bad light." Edward Seals testified that the Seybold car passed him at the Smith Lane shortly before the accident and that it had but one headlight burning at that time. Edward Seybold denied making the statements testified to by these witnesses and denied that one of his lights was not working at the time of the collision.

There was some testimony that there were high weeds on the west side of the road between the gravel and the ditch and that the dirt portion of the road was moist. One witness testified that he looked but observed no broken down weeds north of the Seybold car after

the accident. Others testified that they looked for but observed no tracks in the moist earth north of the Seybold car after the accident.

After the accident the Seybold truck was in the ditch on the west side of the road about 30 feet north of the culvert with the right rear wheel against the bank and the right front wheel away from the bank. The Zimmerman truck was standing 30 to 40 feet north of the culvert and there were skid marks on the east or right-hand side of the road leading from the culvert to the point where the Zimmerman truck stood. The left-front wheel of the Seybold truck was found in the middle of the road somewhere between the places the cars stood after the accident. The hood and cowl of the Seybold truck on its left side were driven back into the driver's seat.

The appellant contends that the physical facts surrounding the collision make the plaintiff's version of the collision unbelievable despite the testimony of the plaintiffs and plaintiffs' witnesses, and that the physical facts demonstrate both that defendant was not guilty of any negligence and that the plaintiffs were negligent. The law will not tolerate the absurdity of allowing a person to recover on his testimony of the existence of a fact that manifestly cannot be true. *Greenwald v. Baltimore & O. R. Co.*, 332 Ill. 627–632; *Mabel v. Cleveland C. C. & St. L. R. Co.*, 264 Ill. App. 532–535; *Dee v. City of Peru*, 343 Ill. 36–42; *Moore v. Illinois Power & Light Corp.*, 286 Ill. App. 445. In all of the above and like cases, however, the physical facts were not subject to dispute. Here there is room for dispute concerning the physical facts. There can be a doubt whether the moist earth in the ditch behind the Seybold car was so soft that there must necessarily be tracks left if the car traveled down the ditch. There can be a doubt whether the skid marks on the road were

produced by the wheels of the Zimmerman truck. Edward Seals could be mistaken in his observation of the lights of a passing automobile. These facts are not of the same character as the location of a railroad track and the distance of a house or other permanent fixture from that track.

The conflict in the evidence in this case presented a doubt to be resolved by the jury. Where so much depends upon the credibility of witnesses and upon the opportunity those witnesses had for observing the facts and where the established facts leave room for different conclusions to be drawn by reasonable men, this court will not substitute its judgment upon the facts for that of the jury.

Where, however, the evidence is highly conflicting and nearly all of the material facts are the subject of dispute, it is most important that the jury receive proper instruction as to the law of the case. The trial court gave the following instructions for the plaintiff:

1. The court instructs the jury that if you believe from a preponderance of the evidence in this case that the plaintiff, Bernice Seybold, was injured in a collision between a truck being driven by the defendant, Peter Jacob Zimmerman, and a truck in which the said plaintiff was then riding, and that at the time the said plaintiff received such injury she was in the exercise of ordinary care and caution for her own safety, and that her injury was caused by the negligence of the defendant, then you should find the issue for the said plaintiff, Bernice Seybold, and assess her damages at such sum of money as you believe, from a preponderance of the evidence, will be a fair and just compensation to said plaintiff for the damages so sustained by her, not exceeding the amount claimed by said plaintiff in the complaint.

2. The court instructs the jury that if you believe from a preponderance of the evidence in this case that

the plaintiff, Edward Seybold, was injured in a collision between a truck being driven by the defendant, Peter Jacob Zimmerman, and a truck which the said plaintiff was then driving, and that at the time the said plaintiff received such injury he was in the exercise of ordinary care and caution for his own safety, and that his injury was caused by the negligence of the defendant, then you should find the issues for the said plaintiff, Edward Seybold, and assess his damages at such sum of money as you believe, from a preponderance of the evidence, will be a fair and just compensation to said plaintiff for the damages sustained by him, not exceeding the amount claimed by said plaintiff in the complaint.

Both of these instructions directed a verdict upon the finding of certain facts. Neither of the instructions required the jury to find the defendant guilty of negligence as charged in the declaration. It is well established that an instruction which directs a verdict and authorizes a recovery generally without limiting the negligence to that charged in the declaration is reversible error. *Herring v. Chicago & A. R. Co.,* 299 Ill. 214–217; *Ratner v. Chicago City Ry. Co.,* 233 Ill. 169–172; *Hackett v. Chicago City Ry. Co.,* 235 Ill. 116–130; *Molloy v. Chicago Rapid Transit Co.,* 335 Ill. 164–171; *Garnhart v. Reeves,* 288 Ill. App. 159–160; *Carnahan v. Public Serv. Co.,* 276 Ill. App. 277–279. The court in the *Ratner* case, *supra,* says of such an instruction: "An instruction of this character permits the jury to wander afield and return a verdict against a defendant for what they might fancy to be an act of negligence though the act so considered by them to be negligent was one which the law would not recognize as actionable."

Appellant complains of the failure of the trial court to grant its motion for a directed verdict as to count four of Edward Seybold's complaint and count six of

Bernice Seybold's complaint. These counts charged a violation of the statute which requires motorists to drive to the right of the center of the "beaten track" of the highway. There being no proof of the location of the beaten track these counts should have been excluded from the consideration of the jury.

Appellant complains of the ruling of the trial court in excluding evidence of the purpose of the plaintiff, Bernice Seybold, in making the trip as to whether it was a joint endeavor. It was perfectly proper for the defendant to attempt to prove a joint endeavor between the driver of the car and the passenger and accordingly this evidence should have been admitted.

In view of the closely contested questions of fact involved and on account of the errors in the instructions complained of the judgment of the circuit court will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*