Alice Moran, Appellee, v. Charles Gatz, Appellant.

Gen. No. 43,043.

Opinion filed October 23, 1944.   Released for publication November 6, 1944.

BARRETT, BARRETT, COSTELLO & BARRETT, of Chicago, for appellant.

ROYAL W. IRWIN, of Chicago, for appellee.

MR. PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Defendant appeals from a judgment of $5,000 entered in an action for personal injuries.

The accident in which plaintiff was injured occurred at the intersection of 115th street, which runs east and west, with Wentworth avenue, which runs north and south, about the hour of 9 o'clock in the evening of March 7, 1942. There are no traffic lights or signs at the intersection. There is an ordinary street lamp at the southwest corner. On the southeast

corner is a tavern which was lighted and had in front an illuminated beer sign. Plaintiff says the condition of the light at the corner was bright. There is a single street car track on 115th street used only for west bound cars. There are no tracks on Wentworth avenue. It had been raining, and there is a conflict in the evidence as to whether it was misting or raining at the time of the accident. Plaintiff, a pedestrian, had come from the east on the north side of 115th street to the northeast corner of the intersection, where she turned to cross in the east crosswalk to the southeast corner. Before leaving the curb she looked to the east and waited until cars coming from the east had passed. She looked west and saw two or three cars coming a block away—about Yale avenue. She started ahead, going south on the crosswalk. When about three or four steps from the street car track she "partially" looked again and continued to walk normally to the south. When she was probably three or four feet from the south curbstone something hit her. She did not see the car before that time and no horn was blown. On cross-examination she testified that she took a glance and didn't see any cars; that there was nothing to obstruct her view.

Defendant, whose wife was released from a hospital that morning, had taken her to the home of his son to convalesce and was returning alone to his own home at the time of the accident. He was driving an Oldsmobile Sports Coupe. He had had the car through the city testing lane the Saturday before the accident and no suggestion for repairs had been made. Before leaving his son's home he had turned on the city driving lights, which illuminated the pavement ahead about 50 feet. These lights do not throw a light to the left of the car but do to the right. He approached Wentworth avenue on 115th street from the west. He was driving south of the street car track at about 20

miles an hour. When he got to Wentworth avenue he slowed down, shifted into low gear and while crossing the intersection shifted into second; as he approached the east walk he shifted into high and, as he was going ahead, saw the plaintiff right in front of the left headlight—maybe a foot or two. He stepped on the brakes and the car stopped. Plaintiff's husband operated a newsstand on the southwest corner of the intersection. This newsstand faced to the east. He was sitting or standing in front of the newsstand and facing to the east. He saw plaintiff start across the street from the northeast corner but did not recognize her until after the accident. When he first saw plaintiff there wasn't any car in sight. He saw defendant's car when it passed his newsstand going at a good moderate speed. No horn was blown and he couldn't see any reflection of the lights, but wouldn't say that they were not burning. He saw no other east bound cars than the one driven by defendant. He did not look at the lights after the accident and could not say whether or not the windshield wipers were working.

On the trial plaintiff withdrew the charge of excessive speed and in her brief here states that she brought her suit charging that defendant "carelessly and negligently failed to give the right of way to the plaintiff while walking on the crosswalk." Defendant's principal contention is that the trial court should have directed a verdict for defendant for want of any evidence to support a verdict for the plaintiff upon either the issue of the plaintiff's due care or the defendant's negligence. No question is raised as to the amount of the damages.

The evidence most favorable to the plaintiff, with reasonable inferences to be drawn from it, is to the effect that plaintiff, before leaving the curb on the northeast corner, looked to the west and saw two or

three cars coming east about a block away; that she then started south on the crosswalk across 115th street; that when three or four steps from the street car track she again "partially" looked to the west, or glanced to the west, and did not see any car and proceeded across the street; that in the meantime defendant was approaching Wentworth avenue from the west, driving on the south side of 115th street at a good moderate speed, with his city driving lights burning and illuminating the pavement ahead about 50 feet and with his windshield wipers going. The testimony of plaintiff's husband that he couldn't see any reflection of the lights but wouldn't say that the lights were not burning, is without probative value.

Defendant contends that the case is clearly within the rule announced in *Dee v. City of Peru,* 343 Ill. 36, where the court said (42) : "The law will not tolerate the absurdity of permitting one to testify that he looked and did not see the danger when the view was unobstructed and where, if he had properly exercised his sight, he would have seen it." To the same effect are *Greenwald v. Baltimore & O. R. Co.,* 332 Ill. 627; *Schlauder v. Chicago & Southern Traction Co.,* 253 Ill. 154; *Seybold v. Zimmerman,* 294 Ill. App. 138. Plaintiff contends that under the statute (ch. 95½, par. 171, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 85.203]) providing "Where traffic control signals are not in place or in operation the driver of a vehicle shall yield the right-of-way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at an intersection," plaintiff had the right of way at the intersection and therefore had the right to assume that defendant would not violate the law by failing to "yield the right-of-way, slowing down or stopping if need be to so yield," to prevent injuring plaintiff, citing *Thomas v. Buchanan,* 357

Ill. 270; *Ziraldo v. W. J. Lynch Co.*, 365 Ill. 197; *Morrison v. Flowers,* 308 Ill. 189; *Dukeman v. Cleveland, C., C. & St. L. R. Co.,* 237 Ill. 104, 107; *Roberts v. Cipfl,* 313 Ill. App. 373; *St. Clair Nat. Bank of Belleville v. Monaghan,* 256 Ill. App. 471, 475; cases from other states and Berry on Automobiles (7th ed.), vol. 3, pages 214 and 302; that having the right to rely on this assumption, contributory negligence on the part of the pedestrian is a question of fact for the jury.

In *Good v. Behrendt,* 321 Ill. App. 303 (abstract decision), we held that plaintiff was guilty of contributory negligence as a matter of law where it appeared that plaintiff started to cross the street after seeing defendant's automobile approaching at least a block away. In that case plaintiff did not claim to have looked toward the approaching cars after leaving the curb. Plaintiff's right of way did not relieve her of the obligation to exercise due care for her own safety. In *Thrapp v. Meyers,* 114 Neb. 689, the court in speaking of an automobile driver having the right of way of traffic approaching on his left, said (694): ". . . but (he) is not thereby relieved from the duty of exercising ordinary care to avoid accidents; therefore, if a situation is presented which, to an ordinarily prudent person in the position of the driver, would probably result in a collision if he exercised his technical right of way, it would be his duty to subordinate such right to the public safety." In *Hooper v. Corliss,* 146 Wash. 50, 54, it was held that "the right of way given by the city ordinance is a relative right only, and does not justify one who is entitled to the right of way in asserting his rights, when, by the exercise of due care, he can or should see that to do so is likely to cause an accident and injury to himself or another, and that one so insisting upon the exercise of his right of way, under circumstances

which would cause a reasonably prudent person not to do so, is guilty of negligence or contributory negligence, as the case may be." The holding in Illinois is to the same effect. In *Thomas v. Buchanan*, 357 Ill. 270, cited by plaintiff, the court said (277): "Anderson (driver of the car in which plaintiff's deceased was riding) was familiar with Crawford avenue and knew that the one caution sign and the two stop signs were there, and while under ordinary conditions he had the right of way over the automobile of the defendant, yet that did not of itself relieve him or the deceased from the exercise of due care and caution on their respective parts." The court then says that Anderson and the deceased had the right to assume that the defendant would not negligently fail to give preference of the right of way to Anderson, if necessary for the safety of the occupants of the car, and cites among other cases *Schlauder v. Chicago & Southern Traction Co.*, 253 Ill. 154, where the defendant in an action for personal injuries sought to excuse the negligence charged against it by claiming that it had the right to rely upon the presumption that the Grand Trunk Railway, whose engine collided with defendant's interurban car, causing plaintiff's injuries, would not violate the law. The court said (159): "There is a presumption of law that every person will perform the duty enjoined by law or imposed by contract, and anticipation of negligence in others is not a duty which the law imposes. (*Chicago, Burlington and Quincy Railroad Co. v. Gunderson*, 174 Ill. 495; *Chicago City Railway Co. v. Fennimore*, 199 id. 9.) While that statement has often been made and the presumption is to have due weight in determining questions of negligence, it is manifest that the presumption is not a conclusive one and that no one has a right to rely solely upon it in regulating his own conduct. The presumption does not absolve

one from exercising such care and prudence as a rea-
sonably prudent person would under the same circum-
stances, nor relieve a carrier of passengers from the
duty of exercising that degree of care demanded by
the law in view of the circumstances and surround-
ings. One who has an unobstructed view of an ap-
proaching train would not be justified in closing his
eyes and crossing a railroad track in reliance upon
the presumption that a bell would be rung or a
whistle sounded. No one can assume that there will
not be violations of the law or negligence of others
and offer the presumption as an excuse of failure to
exercise care.''

It will be conceded, as plaintiff contends, that there
is a difference between a railroad crossing and a
street intersection and in the degree of care required
at the respective places. However, both are danger-
ous places, and the crossing of the street at a city in-
tersection may be more dangerous than the crossing of
railroad tracks. The intersection in question is not
shown to be unusually hazardous. However, it is an
intersection where the frequent passing of automo-
biles was to be expected and, applying the rule of the
*Schlauder* case the plaintiff, having an unobstructed
view, would not be justified in closing her eyes or
crossing the street with utter indifference to ap-
proaching automobiles. Here the evidence shows
that plaintiff knew when she left the curb that auto-
mobiles were approaching from the west. No car is
shown to have crossed Wentworth from the west
ahead of defendant's car. Lights which will illumi-
nate the pavement 50 feet ahead of the car can readily
be seen for a half block or more. Before crossing the
street car track and getting to the south side of 115th
street plaintiff looked to the west and, therefore, un-
der the authorities cited above, must be held to have
seen—what she could have readily seen—defendant's

approaching car. She ignored it and in a normal walk placed herself in its path. This was contributory negligence as a matter of law. *Good v. Behrendt,* 321 Ill. App. 303; *Russell v. Richardson,* 308 Ill. App. 11; *Weiner v. Kjelstad,* 314 Ill. App. 671 (Abst.); *Soic v. Richardson,* 315 Ill. App. 213 (Abst.). This conclusion makes it unnecessary to consider the other questions raised by defendant except to say that we do not consider the points made grounds for reversal of the judgment.

The judgment of the trial court is reversed.

*Reversed.*

MATCHETT and O'CONNOR, JJ., concur.