Cornelia DeYoung, Appellee, v. Sadie H. Ralley, Executrix of Will of Leopold Ralley, Deceased, Appellant.

Gen. No. 43,379.

Opinion filed April 11, 1946. Rehearing denied June 12, 1946. Released for publication June 13, 1946.

BRAUN & BRODIE, of Chicago, for appellant; PHILIP E. RYAN, of Chicago, of counsel.

JOSEPH D. RYAN and LOUIS P. MILLER, of Chicago, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

On December 11, 1941, plaintiff was injured as she was crossing Chicago avenue, in Oak Park, Illinois, in a northerly direction on the west crosswalk of Elmwood avenue, when she was struck by an eastbound automobile driven by Leopold Ralley, the original defendant in the suit. Subsequently he died and Sadie H. Ralley, executrix of his will, was substituted as defendant. The jury returned a verdict finding defendant guilty and assessing plaintiff's damages at $8,958.33. Defendant appeals from a judgment entered upon the verdict.

The grounds of recovery relied upon by plaintiff in her amended complaint are: Negligence generally; high speed; failure to keep a lookout; failure to yield the right of way to a pedestrian upon the crosswalk; failure to sound a horn or warn plaintiff; driving with a sheet of celluloid over the windshield, which partially obscured the driver's vision. Plaintiff's theory of fact was that "the plaintiff, who had alighted from a bus, after letting some traffic pass, started north on the west crosswalk of Elmwood Avenue. She looked both ways until she reached the center of the street, where she stopped to let westbound traffic pass and was struck by Ralley's eastbound automobile. The

driver had a sheet of cellophane pasted over his wind-shield, supposedly to keep it from getting frosted. This interfered with his clear view of the road ahead, and he did not see plaintiff at all until after he had struck her.'' Defendant's theory is ''that this was a dark, poorly lighted street, with trees along the sides, which arched over the street, and that the plaintiff and her daughter were thereupon rendered more or less invisible, especially as they were wearing dark cloth-ing; that the deceased noticed them when about 10 feet away and immediately attempted to stop; that the plaintiff had a full, clear and unobstructed view of the street, insofar as the approach of the decedent's auto-mobile was concerned and did not at any time see it approaching; that she reached a point where she was still south of the center of the street and in the path of the eastbound traffic and thereupon turned and faced in the opposite direction; that according to the testimony. of at least one of the plaintiff's own wit-nesses, she stepped into the path of defendant's auto-mobile when it was only 20 feet away; that on the face of the record she was guilty of the grossest kind of contributory negligence, which would bar her recov-ery; and that therefore the court should have also di-rected a verdict on the negligence count.'' For the purposes of this appeal it is sufficient to state that each party introduced evidence tending to support her theory of fact.

Defendant raises a number of points in support of her contention that the instant judgment should be reversed, but in our opinion it is only necessary for us to consider one, viz: ''The court erred in permitting the plaintiff to testify to all of the facts relating to the accident after she had been asked but one ques-tion (an admission) on cross-examination under Sec-tion 60 by defendant's counsel.'' Plaintiff was called as a witness in her own behalf and after a few pre-liminary questions the following occurred: ''Q. [by

Mr. Ryan, plaintiff's attorney] : Then what next occurred after you got off the bus? Mr. Brodie [attorney for defendant] : That is objected to. Mr. Ryan: He did not object to asking these preliminary questions, now he is objecting to her telling how the accident happened, and if he does, of course, I cannot introduce her testimony. *It is not competent evidence against the executor of the estate* so that ends that. The Court: All right. Mr. Ryan: That is all." (Italics ours.) Whereupon plaintiff rested her case in chief. Defendant called plaintiff as a witness under Section 60 of the Civil Practice Act of Illinois [Ill. Rev. Stat. 1945, ch. 110, par. 184; Jones Ill. Stats. Ann. 104.060] and, interrogated by defendant's counsel, the witness stated that on July 21, 1942, in the office of counsel for defendant, she testified by deposition before a notary public. The following then occurred: "Q. [by defendant's counsel] : At that time, were you asked this question and did you make this answer? 'Q. Did you see the automobile that you had the accident with at any time before the accident happened?' And did you answer, 'No, sir.'? Mr. Ryan: Just a moment, I object to that. It is incompetent evidence. Mr. Brodie: *It is only for one purpose, it is an admission against interest.* The Court: I think she may answer. The Witness: A. No, sir. Q. You mean you did say it or you did not say it? A. I did say it." (Italics ours.) Thereupon plaintiff's counsel proceeded to interrogate plaintiff as to what occurred at the time of the accident. Defendant's counsel objected to the examination upon the ground that it was improper; that he did not examine plaintiff as to what occurred at the time of the accident. Counsel for plaintiff contended that the question put to the witness by defendant opened the door to the transaction, and thereupon the trial court overruled the objection of defendant and despite repeated objections of defendant permitted counsel for plain-

tiff to interrogate her fully as to all that occurred at the time of and just prior to the accident and also as to the injuries and damages she sustained as a result of the accident. At the conclusion of the examination of plaintiff by her counsel defendant's counsel asked that the record show that he was not asking any questions of the witness, and he thereupon made the following motion: "Mr. Brodie: I move to strike all of her testimony, and especially her testimony with reference to the accident, on the ground that it is not competent and on the further ground that the only testimony elicited when I questioned her under Section 60 was a request for testimony relating to an admission against interest, made at a certain time and place, and not any questions relating to the accident itself. The Court: Overruled." The evidence given by plaintiff was so helpful to her case that defendant is justified in arguing that it may have controlled the verdict of the jury. That the trial court erred in permitting the examination by plaintiff's counsel, see *Merchants' Loan & Trust Co. v. Egan*, 222 Ill. 494, where the law bearing upon the question as to what evidence adduced by the adverse party from a disqualified witness will remove the disqualification of the witness and permit him to testify upon all of the issues in the case, is exhaustively discussed. The decision in that case, in our judgment, settles the instant contention, and adversely to plaintiff. In *Garrus v. Davis*, 234 Ill. 326, the court followed the ruling in *Merchants' Loan & Trust Co. v. Egan*, and said (pp. 330, 331):

"The first section of the act in regard to evidence and depositions removes the common law disqualification on account of interest in the suit or proceeding except as limited by subsequent sections. The second section of the act renders any party to a suit incompetent to testify as a witness 'of his own motion or in his own behalf, . . . when any adverse party sues or defends as . . . executor, administrator, heir,

legatee or devisee of any deceased person, . . . unless when called as a witness by such adverse party so suing or defending,' except in certain cases specified. The prohibition of this section of the statute is against the party testifying in his own behalf of his own motion. There is no prohibition against the adverse party calling as a witness a party disqualified by the statute from testifying on his own motion and in his own behalf, and if such adverse party chose to do so he could examine the witness upon every matter pertinent and relevant to the issues involved. We do not, however, understand and construe the statute to have been intended to mean that if in such case the witness is called by the adverse party to testify as to one thing or upon one matter the disqualification against his testifying of his own motion and in his own behalf is waived or removed and that he is thereby rendered competent to testify upon all the issues involved in the case. To so construe the statute would be in a measure to defeat its objects.''

If defendant had examined plaintiff as to the accident the disqualification of the witness would have been removed and her counsel would then have had the right to cross-examine her fully as to the accident. *Combs v. Younge,* 281 Ill. App. 339, cited by plaintiff in support of the trial court's ruling, is a case in point. The opinion of the court shows (p. 345) that ''During the trial in this action, and as part of his evidence in chief, the plaintiff called the defendant for examination under section 60 of the Civil Practice Act and by leading questions examined him fully and with exactness upon the disputed and material issue of the actionable negligence of the defendant.'' The Appellate court held, of course, that in view of the plaintiff's action the incompetency of the defendant was removed and the defendant's counsel had the right to examine defendant as to all matters relative to which he had been interrogated by plaintiff. In the instant case, de-

fendant did not interrogate plaintiff as to what actually happened at the time of the accident but merely proved by the witness that in the taking of the deposition she had made a certain answer to a certain question, the counsel stating that the answer was competent as an admission against interest. Plaintiff's counsel then had the right to interrogate plaintiff as to any other part of the deposition that related to the subject matter that might tend to explain or modify the alleged admission. (See *Merchants' Loan & Trust Co. v. Egan, supra,* p. 502.) But plaintiff's counsel did not see fit to follow the correct procedure and he caused the court to hold that defendant by putting the single question to plaintiff had thereby rendered her competent to testify generally in her own behalf. While counsel admits that defendant had the right to prove the alleged admission by producing the court reporter or some person who heard the admission made, nevertheless, he argues that defendant's question to plaintiff went to "the meat of our case" and thereby her disability to testify generally was removed; that defendant "in calling the plaintiff to prove an admission by her, was thereby introducing substantive evidence." We have carefully considered the argument in support of the ruling of the court, but we are satisfied that the ruling was erroneous and that it calls for a reversal of the judgment. Defendant called plaintiff, a hostile witness, under Section 60 of the Civil Practice Act and counsel limited the examination to a single purpose, an admission against interest, and there is force in the argument that if the question of the incompetency of the witness be ignored, nevertheless, the cross-examination by plaintiff's counsel was not germane to the evidence adduced from the witness by defendant's counsel and was, therefore, improper.

As this case may be tried again we deem it advisable to state that the contention of defendant,

strenuously argued, that "plaintiff failed to exercise, under the evidence in this case, due care for her own safety *as a matter of law*," is without merit. (Italics ours.) When defendant's brief was filed in this court the case of *Moran v. Gatz,* 324 Ill. App. 45, had not been passed upon by the Supreme court, and defendant was justified in arguing that it tended strongly to support her contention. The Supreme court later passed upon that case (see *Moran v. Gatz,* 390 Ill. 478) and squarely held that the Appellate court erred in holding that the plaintiff therein was guilty of contributory negligence as a matter of law and that it was for the jury to determine whether the plaintiff was in the exercise of ordinary care for his own safety at the time and place in question. The decision of the Supreme court, in our judgment, disposes of defendant's contention, and adversely to her.

The judgment of the Superior court of Cook county is reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded for a new trial.*

FRIEND, P. J., and SULLIVAN, J., concur.